IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

    Plaintiff,

  v.

O. TRAN; KRISTEN CARTER,

    Defendants.

No. C 13-3260 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a pretrial detainee at the Santa Clara County Jail. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff is in jail awaiting trial on criminal charges in state court. He claims that the prosecutor and his defense counsel are both acting incompetently, and that the trial court has made errors, including improperly denying his motion to suppress evidence. He seeks injunctive relief, such as a hearing in state court, trial dates, and bail. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive absent extraordinary circumstances, of which none are present here. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Accordingly, plaintiff's claims for injunctive relief will be dismissed. If he is convicted on the pending charges, he may of course challenge the conviction or sentence in federal court in a petition for a writ of habeas corpus, but only after he has fairly presented his claims to the California Supreme Court.

Plaintiff also seeks money damages on the above claims. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). *Heck* also bars claims, such as plaintiff's, which necessarily implicate the validity of pending criminal charges. *See Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000). Accordingly, plaintiff's claims for money damages base on alleged errors by trial counsel, the prosecutor or the trial court will be dismissed without prejudice to refiling if he is acquitted of the charges against him, or if the charges are dismissed or otherwise invalidated. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997) (civil claims barred by *Heck* do not accrue until after plaintiff has succeeded in the criminal realm).

Plaintiff also alleges that his defense counsel has sexually harassed by demanding sex from him. While such allegations, if proven true, would not call into question to the validity of his arrest or charges, they also do not state a cognizable claim under Section 1983. *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981) (allegations of verbal harassment and abuse fail to state a claim cognizable under Section 1983). These claims will be dismissed.

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED**, in part without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July __25__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3